RECEIVED
OCT 3 1 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CHRISTOPHER ASHTON | DOCKET NO: CV04-1418 |
| VERSUS | JUDGE DOHERTY |
| SUPERIOR ENERGY SERVICES, INC. AND J.M. HUBER CORPORATION | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Currently pending before the Court is a Motion for Leave to file a Second Supplemental and Amending Complaint [Doc. 82]. In the proposed Second Supplemental and Amending Complaint, plaintiff seeks to add a new defendant and an additional claim pursuant to the Jones Act. The motion is opposed by defendant, Superior Energy Services, LLC. Briefing has now been completed and the Motion has been taken under advisement by the Court. For the following reasons, plaintiff's motion will be GRANTED.

Fed. R. Civ. Proc. 16(b) governs amendment of pleadings after a scheduling order deadline has expired. S&W Enterprises, LLC v. South Trust Bank of Alabama, NA, 315 F.3d 533, 535 (5th Cir. 2003). Rule 16(b) provides in pertinent part that a Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge." Upon the movant's demonstration of good cause to modify the scheduling order, the more liberal standard of Fed. R. Civ. Proc. 15(a) will apply to the district court's decision to grant or deny leave.[1]

---

[1] Fed. R. Civ. Proc. 15(a) provides in pertinent part that leave to amend "shall be freely given when justice so requires."

The Fifth Circuit reviews a district court's refusal to modify its scheduling order for abuse of discretion. The factors to which the Fifth Circuit looks, and consequently to which this Court will look, are as follows: (1) the explanation for the failure to timely move the leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. Id. at 536.

This Court notes its Memorandum Ruling on plaintiff's Motion to Remand, issued January 26, 2005, stated

> the Court will allow plaintiff, if he so wishes, to amend his Complaint to seek to plead, in this venue, a Jones Act claim. This Court cautions plaintiff the Complaint must be supported by more than Mr. Ashton's self-serving affidavit, especially in light of the very thorough and concise affidavit of plaintiff's employer, Superior Energy Services' Manager of the Well Services Division, Tom Rosegrant, which is supported by the business records kept in the regular course of Superior's business. [Doc. 38, p. 5]

Over six months after the Ruling issued, plaintiff filed a Motion for Leave to File a Supplemental and Amending Complaint. The motion was granted, and plaintiff supplemented his Complaint to add three new defendants; he did not attempt to re-plead a Jones Act cause of action. Now plaintiff is attempting not only to add an additional defendant, but is also attempting to assert a claim pursuant to the Jones Act. The facts contained in the proposed Second Supplemental and Amended Complaint in support of plaintiff's Jones Act claim are strikingly similar to an affidavit signed July 28, 2004 plaintiff filed in support of his Motion to Remand. As such, it appears to this Court that plaintiff could have met the deadline for joinder of parties and amendment of pleadings but, for whatever reason, chose not do so.

Plaintiff explains his failure to timely move for leave to amend in his Reply Memorandum, primarily relying on the upheaval to his life caused by Hurricane Katrina. However, this Court also notes that plaintiff had a year prior to Hurricane Katrina and a year after Hurricane Katrina to join parties and amend pleadings. This Court tends to believe that plaintiff's dilatory conduct has hindered the timely progression of this case, and the Court has cautioned him about his dilatory approach to this matter multiple times. [See e.g., Doc. 80].

Plaintiff additionally argues the Court's admonition to him in its Ruling on remand is in part to blame for his delay, because (per plaintiff's characterization) the Court's ruling informed plaintiff that "the claim could be re-urged should facts become sufficient to re-plead it" [Doc. 89, p. 2] and "this Court held that there were not enough facts at the time of plaintiff's original petition to determine Jones Act status; however, this Court further held that should there be additional information presented through discovery, plaintiff was free to reallege Jones Act status." [Doc. 82-2, p.2] The Court finds that explanation to be disingenuous in light of the actual language from the ruling quoted above.

While under normal circumstances this Court would deny plaintiff's motion, it cannot overlook the upheaval and trauma caused by Hurricanes Katrina and Rita to the residents of south Louisiana. Consequently, out of an abundance of caution, the Court will GRANT plaintiff's motion. However, if plaintiff is contacted by the newly named defendant and asked for an extension of time to file a responsive pleading, plaintiff is to request that counsel file his responsive pleading within the time limits set forth in the Federal Rules of Civil Procedure so that this matter may proceed to trial on August 6, 2007 as scheduled. Additionally, as plaintiff has now been deposed twice due to plaintiff counsel's amendment to pleadings, should a third deposition of plaintiff be required all costs

shall be assessed to plaintiff.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___31___ day of ___October___, 2006.

    _____
    REBECCA F. DOHERTY
    UNITED STATES DISTRICT COURT