RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 6/4/07

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CHRISTOPHER ASHTON | DOCKET NO: CV04-1418 |
| VERSUS | JUDGE DOHERTY |
| SUPERIOR ENERGY SERVICES, INC. AND J.M. HUBER CORPORATION | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Currently pending before the Court is a Motion for Summary Judgment [Doc. 110], filed by defendant, Superior Energy Services, L.L.C. ("SES"). Defendant's motion moves the Court for summary judgment, dismissing plaintiff's Jones Act claim and general maritime law for unseaworthiness, with prejudice, at plaintiff's cost.

With regard to plaintiff's Jones Act claim, defendant argues plaintiff will not be able to carry his prima facie burden at trial, as plaintiff is a longshoreman rather than a Jones Act seaman.[1]

To qualify as a seaman under the Jones Act, plaintiff bears the burden of proving seaman status. To prove seaman status, plaintiff must show: (1) his duties "contribut[ed] to the function of the vessel or to the accomplishment of its mission", and (2) he "must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." Chandris, Inc. v. Latsis, 515 U.S. 347, 368 (1995). To determine whether a plaintiff's connection to a vessel is substantial in duration, the Supreme Court has provided the following guidance: "...an appropriate rule of thumb for the ordinary case [is]: A worker who spends

---

[1] At the time of his injury, plaintiff was working for SES as a P&A (plug and abandon) helper on the Outer Continental Shelf off the coast of Louisiana.

less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act." Id. at 371.

For purposes of this motion only, defendant assumes plaintiff has met the first prong of the Chandris test. It is the second prong of the seaman status test which defendant argues plaintiff cannot meet. Defendant argues plaintiff spent more than 90 percent of his time performing work aboard fixed platforms.[2] In support of its position, defendant has submitted the affidavit of Tom Rosegrant, manager of the Well Service Division of SES, who testifies (in pertinent part) according to his review of SES's business records, plaintiff worked various percentages of time on various structures; ultimately, affiant concludes "greater than ninety (90%) percent of the P&A work performed by Christopher Ashton was aboard fixed platforms." [Doc. 110-4, ¶ 33]

In response to defendant's argument, plaintiff has submitted an affidavit attesting he spent approximately 75% of his working time aboard SES's fleet of vessels, contributing to the service of the vessels and the accomplishment of their missions. Plaintiff further argues:

> ...[W]ritten discovery from multiple defendants has been propounded to Superior, [but] it has never produced the documents to which Rosegrant's affidavit relies on. Nor are such documents attached to Rosegrants' affidavit. Curiously, Superior waits until discovery is closed to allege the accuracy of these documents for its summary judgment. This is clearly 'sandbagging' and should not be allowed.

[Doc. 115, pp. 10-11]

Fed. R. Civ. Proc. 56(e) states the following:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit **shall be attached**

---

[2] The Court presumes, although not stated, defendant is implying plaintiff spent only 10 percent of his time in the service of a vessel in navigation.


less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act." Id. at 371.

For purposes of this motion only, defendant assumes plaintiff has met the first prong of the Chandris test. It is the second prong of the seaman status test which defendant argues plaintiff cannot meet. Defendant argues plaintiff spent more than 90 percent of his time performing work aboard fixed platforms.[2] In support of its position, defendant has submitted the affidavit of Tom Rosegrant, manager of the Well Service Division of SES, who testifies (in pertinent part) according to his review of SES's business records, plaintiff worked various percentages of time on various structures; ultimately, affiant concludes "greater than ninety (90%) percent of the P&A work performed by Christopher Ashton was aboard fixed platforms." [Doc. 110-4, ¶ 33]

In response to defendant's argument, plaintiff has submitted an affidavit attesting he spent approximately 75% of his working time aboard SES's fleet of vessels, contributing to the service of the vessels and the accomplishment of their missions. Plaintiff further argues:

> ...[W]ritten discovery from multiple defendants has been propounded to Superior, [but] it has never produced the documents to which Rosegrant's affidavit relies on. Nor are such documents attached to Rosegrants' affidavit. Curiously, Superior waits until discovery is closed to allege the accuracy of these documents for its summary judgment. This is clearly 'sandbagging' and should not be allowed.

[Doc. 115, pp. 10-11]

Fed. R. Civ. Proc. 56(e) states the following:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit **shall be attached**

---

[2] The Court presumes, although not stated, defendant is implying plaintiff spent only 10 percent of his time in the service of a vessel in navigation.

**thereto or served therewith.** The Court may permit affidavits to be supplemented or opposed by **depositions, answers to interrogatories, or further affidavits.** When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. (emphasis added)

In the instant matter, defendant's affidavit (which provides the crucial evidence in support of defendant's position plaintiff spent less than 30% of his time in the service of SES's vessels) does not comply with F.R.C.P. 56(e). Affiant purports to rely upon "company records kept in the regular course of business" to reach his conclusion. However, neither sworn nor certified copies of the records relied upon and referred to in the affidavit have been attached to the affidavit or served therewith. Due to the lack of compliance with Rule 56(e), defendant has failed to provide either the Court or plaintiff with the evidence upon which defendant relies in support of its position. As movant has failed to support its motion as provided in Rule 56(e), thus failing to carry its burden of proof, defendant's Motion for Summary Judgment must be DENIED.[3]

The Court additionally notes defendant argues similarly situated P&A workers were not found to be seaman in Roberts v. Cardinal Servs., Inc., 266 F.3d 368, 375 (5th Cir. 2001) and St. Romain v. Industrial Fabrication and Repairs Srvc., Inc, 203 F.3d 376 (5th Cir. 2000). [Doc. 110, p. 14] The Court finds Roberts to be distinguishable. Although defendant has modeled its motion

---

[3] While the Court notes under Rule 56(e), it may permit affidavits to be supplemented "with depositions, answers to interrogatories, or further affidavits", to cure the deficiency in this matter, defendant would have to supplement its affidavit with the business records relied upon, which do not fall into the category of depositions or further affidavits, and according to plaintiff, the records have not been provided in answers to interrogatories. Although a review of the docket sheet reveals no motion to compel has been filed in this matter, defendant has not sought leave to supplement its motion to either refute plaintiff's claim or provide the business records at issue.

after Roberts, and indeed there are numerous similarities, in Roberts, defendant submitted "evidence in the form of invoices" in support of its motion. Id. at note 33.[4] St. Romain is distinguishable as well. In that case, the Court found plaintiff was not a seaman as he was assigned to numerous vessels during his employment, which were owned and chartered by numerous entities. Although defendant argues in this matter plaintiff was occasionally assigned to vessels owned by other companies, again, they have failed to offer the records in support of that claim.

Turning to plaintiff's general maritime law claim of unseaworthiness, defendant argues because plaintiff is a longshoreman, and the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq., precludes a longshoreman from recovering damages caused by the unseaworthiness of a vessel, plaintiff's claim must be denied. Because the Court has concluded defendant has not proven plaintiff was not a Jones Act seaman, defendant's argument as to unseaworthiness is DENIED as well.

Due to the foregoing, defendants motion is DENIED in its entirety.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this _____ day of _____, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT COURT

---

[4] The Roberts' court concluded plaintiff's conclusory statements in response to defendant's evidence were insufficient to raise an issue to defeat summary judgment. Id. Although it is not lost on this court that plaintiff's opposing affidavit is also conclusory, it is defendant who bears the burden of proving there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. Proc. 56(c). Because defendant has not provided the business records upon which it relies, it has not carried that burden.